[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
This is an appeal of the defendant's tax valuation on October 1, 1991, 1992 and 1993 of the New London Mall. The valuation date was October 1, 1988. The plaintiff offered evidence from its appraiser, Arthur Estrada. The defendant's appraiser was Robert Flanagan.
The court notes that Flanagan was the city's assessor and Director of Real Estate during the period of October 1, 1988 through October 1, 1992. As assessor he valued the property at $11,136,500 in 1988. As appraiser in his report of February 24, 1994 he found the value of the Mall to be $11,705,000. Estrada found the value to be $9,500,000.
[1. Gross Income]
Both appraisers used the capitalization of net income methodology. However, they disagreed as to many appraisal issues.
The court finds that the Mall has been in existence for 27 years, has poor accessibility and has been adversely impacted by the new Crystal Mall just a few miles away.
Estrada determined the actual gross rental as of October 1, 1988 to be the total contract rent. However, he did not utilize this figure because he claimed that the universally CT Page 4498 accepted appraisal technique requires that fair market value must be based upon market rents. He concludes that the potential gross rental income is $1,522,263.
Flanagan found the actual gross income for the year ending December 31, 1988 to be $1,706,699. Flanagan claimed that his figure was higher because Estrada reduced the gross rental figures by subtracting from the total income as much as $100,000 per year for expenses, in effect a "wash" of some of the income. Estrada testified these amounts are reimbursable expenses that are collected from tenants and then paid to others who provided various goods or services. Thus not income as such.
The court accepts the reasoning of Estrada and, therefore, finds the income to be $1,522,263.
[2. Vacancy and Rent Loss]
The court agrees with the defendant's analysis regarding vacancy. There is no need to deduct $86,833 for the second floor because the gross income figures include vacant space since no money was received for it.
[3. Expenses]
Estrada lists expenses as $286,772. Flanagan shows expenses as $462,703. However, Estrada claims that there must be renovation costs of $1,055,000. He testified that as of October 1, 1988, the Mall was greatly in need of renovations and in need of much deferred maintenance. Flanagan did not disagree, but claims that so called renovations are really improvements and are not justified as fit-up costs and structural repairs. The court agrees. Therefore, the court will disallow the claimed renovation costs of $1,055,000. After a review of the expenses claimed by each party the court finds the expenses to be $350,000 (more than claimed by Estrada, but less than claimed by Flanagan).
[4. The Red Lobster Restaurant]
Flanagan's appraisal report valued the property at $11,705,000. The court cannot allow the oral valuation of the restaurant to be added to the value stated in Flanagan's appraisal. The Uniform Standards of Professional Appraisal CT Page 4499 Practice Rule 2-2 appears to have been violated by Flanagan in that his written appraisal should have been complete and should have included the value of the restaurant. The court will find Flanagan's written appraisal value to be $10,805,000. It will not add the oral valuation of $900,000. The court must assume that the restaurant was included in the written appraisal since that appraisal includes a sketch of the building and a photograph of it.
Estrada values the restaurant at $900,000 and the court will add that figure to his adjusted value and, therefore, finds the plaintiff's total value to be $9,500,000.
[Conclusion]
The court finds the effective gross rental income as of October 1, 1988 to be $1,522,263, less expenses of $350,000 for a net rental income of $1,172,263 as of October 1, 1988. Using a capitalization rate of 12% (more than the Estrada rate, but less than the Flanagan rate), the court finds the adjusted value to be $9,768,858. Adding to that figure $900,000 for the restaurant, the court finds the total value to be $10,668,858.
Hurley, J.